IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 12-cr-00324-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SALVADOR CORREA,

    Defendant.

## ORDER RE: DEFENDANT SALVADOR CORREA'S
## MOTION FOR SUPPLEMENTARY DISCOVERY

**Blackburn, J.**

    The matter before me is the **Motion for Supplementary Discovery** [#88][1] filed January 3, 2013, by defendant, Salvador Correa. The government filed a consolidated response [#98] January 10, 2013, and Mr. Correa filed a reply [#112] February 1, 2013. I heard the motion on April 23, 2013, and took it under advisement.[2]

    Mr. Correa seeks the entry of my order requiring the government to disclose in discovery "exculpatory and/or impeachment evidence about and concerning matters relating to inducements, rewards, considerations, pleas concessions, promises or other benefits of any type afforded to Government witnesses who may or will testify against defendant." *See* Motion at 1. More specifically, Mr. Correa seeks the following

---

[1] "[#88]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order and other orders entered in this case.

[2] On April 11, 2013, I entered an order resolving that portion of the instant motion that sought disclosure of the identity of the confidential informant used by the government and concomitant information about the confidential informant. *See* Motion [#88] at 3, ¶¶ 8, 9, and 10; and Order [#143]. The instant order resolves the remainder of the issues raised in this motion.

information;

- the specific details of "system manipulation" by defendant, Moises Galindo, in his historical cooperation with the government, *see id.* at 2, ¶ 3;

- all witness agreements and the details of witness cooperation in prior and present cases, including all matters known to the government about any witness's history of untruthfulness or concessions granted to any such witness, *see id.* at 2, ¶ 6;

- the results of the government's access to any cell phone or computer records of Mr. Galindo or defendant, Nathan Edward Armijo, reflecting any corroborating cell phone records, text messages, or email contact between Mr. Correa and Mr. Galindo and Mr. Armijo or the confidential informant during the time frame of the indictment, *see id.* at 3, ¶ 10; and

- the dates and times of all surveillance efforts, photographs, and law enforcement reports, including daily logs reflecting the presence of Mr. Correa at or near the residences of Mr. Galindo or Mr. Armijo during the time frame of the indictment, *see id.* at 3-4, ¶ 11.[3]

In the relevant portions of its consolidated response, the government represents as follows:

- the government will disclose copies of plea agreements, if any, with Mr. Galindo or Mr. Armijo contemporaneously with their filing with the court, *see* consolidated response [#98] at 1, ¶ 1;

---

[3] Mr. Correa also made discovery requests in his reply [#112]. At the hearing on April 23, 2013, the government addressed those additional discovery requests. However, I refuse to address discovery requests made for the first time in a reply.

- the government objects to the production of "agent notes" or "rough notes," *see id.* at 2, ¶¶ 3, 4, and 5;

- the government has produced in discovery all text messages between Mr. Correa and Mr. Armijo, *see id.* at 3, ¶ 6;

- the government does not have computer records relevant to this prosecution, *see id.*; and

- the government has produced in discovery "all agent and police reports" and all photographs, *see id* at ¶ 7.

In fashioning my ruling, I have considered all relevant adjudicative facts in the file and record of this case. I have considered all relevant facts to which there is no express or implied objection. I have considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by counsel in their papers and during the hearing.

I begin my analysis with a rehearsal of some of the relevant constitutional and legal principles that guide and govern discovery in criminal cases in federal court. In the main, discovery in a criminal case is governed by the provisions of Fed. R. Crim. P. 6, 12, 16, and 26.2; the Jencks Act, 18 U.S.C. § 3500; and the holdings of *Brady*,[4] *Bagley*,[5] *Giglio*,[6] *Roviaro*,[7] and their progeny. Discovery in this case is controlled also by the **Discovery Conference Memorandum And Order** [#56] entered August 14, 2012.

---

[4] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[5] *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

[6] *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[7] *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

As noted by the Supreme Court, "[t]here is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). Significantly, there is no requirement that "the prosecution make a complete accounting to the defense of all evidence in its possession," *United States v. Baxter*, 492 F.2d 150, 173 (9th Cir. 1973), *cert. denied*, 94 S.Ct. 1945 (1974), and *Brady* does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant, *Smith v. Secretary of New Mexico Department of Corrections*, 50 F.3d 801, 823-824 (10th Cir.), *cert. denied*, 116 S.Ct. 272 (1995). Moreover, the accused has no right to rummage through the government's files, *United States v. Williams*, 580 F.2d 578, 585 (D.C. Cir.), *cert. denied*, 99 S.Ct. 112 (1978), and *Brady* does not authorize wholesale discovery or demand an "open file" policy, *Kyles v. Whitley*, 514 U.S. 419, 436-37, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995). *See also United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (Constitution "does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government") (citation and internal quotation marks omitted), *cert. denied*, 111 S.Ct. 10787 (1991).

Instead, *Brady* requires only the disclosure of information that is material in a constitutional sense. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). The mere possibility that discovery might help the defense does not establish materiality in the constitutional sense. "The criterion of materiality is met only if there is a 'reasonable probability' that the outcome of a trial would have been different had the evidence been disclosed to the defense." *United States v.*

4

*Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 1284 (1999). Reading *Brady* and *Giglio* together, the government must produce or disclose evidence that is favorable to the accused when relevant to guilt, credibility, or punishment. *Giglio*, 92 S.Ct. at 766; *Brady*, 83 S.Ct. at 1196.

The Jencks Act requires only that the government produce "statements" of a witness and then only to the extent that they relate to the witness' testimony. 18 U.S.C. § 3500(b) and (e). The Jencks Act does not compel the undiscriminating production of agents' summaries of interviews regardless of their character or completeness. *Hanks v. United States*, 388 F.2d 171, 173 (10th Cir. 1968). It is well accepted that an agent's interview notes are not "statements" of the witness under Jencks unless the witness has signed or otherwise adopted or approved the notes, *United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990), and such notes are not subject to the Jencks Act discovery rules, *United States v. O'Malley*, 796 F.2d 891, 900 (7th Cir. 1986). Additionally, "[a] government agent's rough notes will not be Jencks Act statements when they are not complete, truncated in nature or have become an intertwined mix of witness testimony, investigator's selections, interpretations, and interpolations." *United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990).

However, there is no right to a pretrial review of statements subject to the Jencks Act, 18 U.S.C. § 3500. As a matter of law, the Jencks Act prohibits the pretrial discovery of statements made by prospective government witnesses. Fed. R. Crim. P. 16(a)(2) (Rule 16 does not authorize the discovery or inspection of statements made by prospective government witnesses, except as provided in 18 U.S.C. § 3500); *United States v. Smaldone*, 544 F.2d 456, 461 (10th Cir. 1976). Under the Jencks Act, the

5

government cannot be compelled to produce statements or reports of a government witness until that witness has testified on direct examination at trial. *United States v. George*, 778 F.2d 556, 562 (10th Cir. 1985). Absent a threshold factual showing that *Brady* or *Giglio* material is included or imbedded in statements subject to the Jencks Act, and none has been made here, there is no factual or legal basis for a court to exercise its discretion to conduct an *in camera* review of discovery to search blindly for such material.

Additionally, there is no discreet right to the preservation or production of handwritten notes that have been incorporated into final reports or statements. *See United States v. Shovea*, 580 F.2d 1382, 1389-90 (10th Cir. 1978), *cert. denied*, 99 S.Ct. 581 (1978), *and cert. denied*, 99 S.Ct. 1216 (1979). *See also United States v. Brown*, 303 F.3d 582, 592 (5th Cir. 2002) ("Nothing in the Jencks Act requires that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports."), *cert. denied*, 123 S.Ct. 1003 (2003). Indeed, the Tenth Circuit has stated specifically that "it would be a judicial invasion into proper law enforcement to require the preservation of such notes." *Shovea*, 580 F.2d at 1390 (citation and internal quotation marks omitted).

Generalized notes of counsel or agents taken during a witness interview are not discoverable. *Smaldone*, 484 F.2d at 317. Moreover, Fed. R. Crim. P. 16(a)(2) specifically exempts from discovery "reports, memoranda or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Thus, to the extent that an agent's notes contain his or her impressions or interpretations of the evidence, they are

6

not discoverable.  *See United States v. Lane*, 574 F.2d 1019, 1022 (10th Cir.), *cert. denied*, 99 S.Ct. 193 (1978); *United States v. Rewald*, 889 F.2d 836, 867 (9th Cir. 1989), *as modified on other grounds*, 902 F.2d 18 (9th Cir.1990).

Because no evidence has been presented or proffered to the contrary, I am satisfied that the government is cognizant of and will continue to comply with its on-going obligation to disclose materials as required by the relevant provisions of the Federal Rules of Criminal Procedure, *Brady*, *Bagley, Giglio*, *Roviaro*, and their progeny, and order of the court. Based on the existing record, I find and conclude (1) that the government is aware of its continuing duty to disclose to Mr. Correa the discovery to which he is entitled by law; (2) that the government has discharged its duty to provide the discovery to which he is entitled; (3) that Mr. Correa has been provided *pro tanto* the discovery to which he is entitled under the Federal Rules of Criminal Procedure, and under *Brady, Bagley, Giglio*, *Roviaro*, and their progeny; (4) that no discreet or specific discovery violation is claimed or circumstantiated; and (5) that Mr. Correa is not now entitled to discovery beyond that already provided by the government or otherwise available to him or beyond that the government represents it will provide. Thus, to the extent Mr. Correa has the discovery to which he is entitled, his motion should be denied as moot, and to the extent he requests discovery to which he has no present right, his motion should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion for Supplementary Discovery** [#88] filed January 3, 2013, by defendant, Salvador Correa, is **DENIED AS MOOT** in part **and DENIED** in part

consistent with the foregoing findings and conclusions and the following orders:

  a. That concerning the discovery that is required by law, the motion is **DENIED** as moot; and

  b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion is **DENIED**.

Dated May 6, 2013, at Denver, Colorado.

            **BY THE COURT**:

            *Bob Blackburn*
            Robert E. Blackburn
            United States District Judge