IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 12-cr-00324-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SALVADOR CORREA,

    Defendant.

---

## ORDER DENYING DEFENDANT'S
## MOTION TO RECONSIDER

**Blackburn, J.**

The matter comes before me on the defendant's **Motion To Reconsider Supplemental Motion for Discovery** [#164][1] filed May 30, 2013. Mr. Correa petitions me to reconsider my **Order Re: Defendant Salvador Correa's Motion For Supplementary Discovery** [#151] entered May 6, 2013. I deny the motion on both procedural and substantive grounds.

### I. PROCEDURAL BACKGROUND

The chronology of relevant events is uncontroverted. On August 14, 2012, I entered a **Trial Preparation Conference Order** [#43] which provided, *inter alia*, that "[n]on-CJA motions shall not be filed out of time without leave of court." *See* TPC Order at 1, nt. 2. The initial deadline for filing non-CJA pretrial motions was August 29, 2013. *See id.* At 1, ¶ 1. The deadline was extended to January 4, 2013. *See* Order [#68] at 7,

---

[1] "[#164]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

¶ 5. On January 3, 2013, Mr. Correa filed his **Motion For Supplementary Discovery** [#88]. On April 3, 2013, I heard the motion, see Courtroom Minutes [#138], and on May 6, 2013, entered my **Order Re: Defendant Salvador Correa's Motion For Supplementary Discovery** [#151]. On May 30, 2013, Mr. Correa's filed his motion to reconsider out of time without leave of court. Finally, on June 11, 2013, the government filed its response [#170] to the motion to reconsider in which the government pledged *inter alia*: (1) to review its file in *U.S. v. Moises Galindo, et al.*, 00-cr-526-WM; (2) to review the NCIC/NLETS 'rap sheet" for Mr. Galindo; and (3) to review the "A file" maintained by ICE for Mr. Galindo in an effort to identify any discovery to which Mr. Correa is entitled beyond that already produced by the government.

## II. STANDARD OF REVIEW

### A. Timeliness of Motion To Reconsider

Procedurally, the motion to reconsider is filed out of time, i.e., after January 4, 2013, without leave of court. This circumstance is sufficient *per se* to warrant summary denial of the motion.

### B. Bases for Reconsideration

Substantively, Mr. Correa does not circumstantiate any basis for reconsideration.[2] If entertained by a court in a criminal proceeding, a defendant must

---

[2] Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. Like my colleague from the District of Kansas, I believe that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. Thus, a motion to reconsider must be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. *D'Armond*, 80 F.Supp.2d at 1170.(citations omitted). A court's rulings are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure. *Id.* A motion to reconsider is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Id.*

establish 1) that there has been an intervening change in controlling law; 2) that there is new evidence relevant to the court's order, i.e., [#151]; or 3) that reconsideration is necessary to correct clear error or to prevent manifest injustice. *See, e.g.*, **United States v. D'Armond**, 80 F.Supp.2d 1157, 1170 -1171 (D.Kan. 1999). Mr. Correa fails to establish any of these grounds. Therefore, reconsideration is not warranted or required.

## C. Requirements of Rule 16(a)(1)(E)

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the government, on request by the defendant, to produce, *inter alia*, any documents, data, or tangible things in the government's possession, custody or control that (1) are material to preparing the defense or (2) the government intends to use in its case-in-chief at trial. "[I]n the context of Rule 16, 'the defendant's defense' means the defendant's response to the Government's case in chief.'" *United States v. Armstrong*, 517 U.S. 456, 462 (1996). To establish materiality for purposes of Rule 16(a)(1)(E), the defendant must demonstrate "there is a strong indication that [the requested evidence] will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010), *quoting United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). *See also United States v. Scott*, 1993 WL 411596, at *3 (10th Cir. Oct. 8, 1993) (to satisfy the materiality requirement in Rule 16(a)(1)(E), the "defendant must demonstrate 'some indication that the pretrial disclosure of the

---

at 1171. A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Id.*

3

disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor'"); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008) ("To show materiality, the evidence must bear some abstract logical relationship to the issues in the case such that pretrial disclosure would enable the defendant significantly to alter the quantum of proof in his favor").

### D. Requirements Under *Brady*

It is well-settled that the government has an affirmative duty to disclose evidence favorable to a defendant. In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." However, to establish a due process violation, *Brady* and its progeny required that the suppressed evidence be (1) favorable to the defendant, and (2) material either to guilt, credibility, or punishment.

Several years later, in *United States v. Agurs*, 427 U.S. 97 (1976), the Supreme Court acknowledged that the obligation of the government to disclose under *Brady* is not absolute or infinitely elastic. As the Supreme Court conceded, "[i]f everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would be to allow complete discovery of his files as a matter of routine practice." *Id*. at 108-109 (suggesting that such a "constitutional standard of materiality approaches the 'sporting theory of justice' which the Court expressly rejected in *Brady*"). "Whether or not procedural rules authorizing such broad discovery might be desirable, the Constitution surely does not demand that much." *Id*.

The Supreme Court again re-visited the contours of the rule in *Brady* in *United*

States v. Bagley, 473 U.S. 667 (1985). There, the Court acknowledged that due process does not require the prosecutor "to deliver his entire file to defense counsel." *Cf. Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (noting that the concerns for due process underpinning the government's obligation under *Brady* do not translate into a general constitutional right to discovery in a criminal case). *See also United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978) ("*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation"); *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994) (rather than mandating production of the prosecutor's entire file, *Brady* only requires that the government disclose evidence that is "favorable to the accused, that if suppressed, would derive the defendant of a fair trial").

### III. ANALYSIS

### A. The Motion for Supplementary Discovery [#88]

#### i. The Request for Discovery

In his initial motion [#88], his reply [#112][3], his oral argument, and his motion to reconsider [#164], Mr. Correa is long on general requests and conclusory assertions and woefully short on specificity and facts. In his initial motion Mr. Correa requests broadly an order requiring the government to disclose in discovery "exculpatory and/or impeachment evidence about and concerning matters relating to inducements, rewards, considerations, pleas concessions, promises or other benefits of any type afforded to Government witnesses who may or will testify against defendant." *See* Motion at 1. Such

---

[3] Which was unauthorized, bur nevertheless munificently considered by the court.

5

a general request is tantamount to nothing more than a superfluous request[4] for discovery under Fed. R. Crim. P. 16 and *Brady*, *Bagley*, and *Giglio*.[5] Then, instead of requesting and describing specific documents or types of documents that fall within his broad, general request, he cites paragraphs 1, 2, 3, 4, 5, and 6 as grounds – authority – for his general request. *See* Motion [#88] at 1 and 2, ¶¶ 1-6.

### ii. The Grounds in Support of the Discovery Requested

Without factual circumstantiation, Mr. Correa asserts in paragraph 1, "The government has entered into various presently undisclosed cooperation agreements with the Defendants Nathan Armijo and Moises Golindo [*sic*]." *See* Motion [#88] at 1, ¶ 1. This assertion, unsupported by any concomitant factual basis and showing of materiality, is insufficient to trigger additional discovery.[6]

In paragraph 2, Mr. Correa asserts, "the Defendant has been advised that the Defendant Armijo and the Defendant Galindo will enter into "plea agreements" and will testify against the defendant Correa." *See id.* At 2, ¶ 2. To the extent this is a request for disclosure of any such plea agreement when executed, no formal intervention by the court is necessary because the government represents that "Once these [plea] agreements are finalized and accepted by the Court, copies of the filed plea agreements will be available to counsel." *See* Gov. Response [#98] at1, ¶ 1. To the

---

[4] I say "superfluous" because Mr. Correa made a request for discovery under Fed. R. Crim. P. 16(a)(1)(E), *see* August 14, 2012, **Discovery Conference Memorandum And Order** [#56] at 3, ¶ I.(A)7, and he is entitled to discovery favorable to the defense on the issues of culpability, credibility, and sentencing under *Brady* and *Giglio*..

[5] *Giglio v. United States,* 405 U.S. 150 (1972).

[6] My conclusion is unaffected by Mr. Correa's conclusory assertion (presumably, referring to the preceding paragraphs 1-6), "This information is favorable to the accused or material to the Defendant's guilt or punishment," *see* Motion [#88] at 3, ¶ 7.

extent Mr. Correa is seeking discovery beyond the plea agreements themselves, his request fails for abject lack of specificity and materiality.

In paragraph 3, Mr. Correa represents, "To date discovery provided to the defense by the Government generally highlights the Defendant Galindo's historical cooperation with the government and his reported untruthfulness as a so-called cooperating witness (*See* attached Exhibit A)." *See* Motion [#88] at 2, ¶ 3. Then, Mr. Correa asserts, "The specific details of this system manipulation should be disclosed to the defense for appropriate use for impeachment purposes." *See id.* However, neither Exhibit A [#88-1] to the motion for supplemental discovery [#88] nor Exhibit A [#164-1] to the motion to reconsider [#164], circumstantiate overt improbity on the part of Mr. Galindo. Both exhibits confirm that in consideration of Mr. Galindo's cooperation and testimony with state authorities in a murder investigation, the United States Attorney for the District of Colorado agreed not seek the removal of Mr. Galindo and agreed to dismiss drug-related criminal charges in criminal case number 00-cr-526-WM in the United States District Court for the District of Colorado. *See* Exhibit A [#164-1] at 1. The Assistant United States Attorney who authored the letter that is Exhibit A [#164-1] asseverated as follows:

> In the event that Mr. Galindo decides not to testify or continue his assistance with law enforcement concerning the murder in question, or if it is determined that he has been untruthful or with held information which is within his knowledge, then this agreement is null and void and Mr. Galindo may be prosecuted for any crime he has committed including perjury.
> There will be no dismissal of charges until his cooperation is complete.

Exhibit A [#164-1] at 1. Beyond the one-page report, Exhibit A [#88-1], and the one-page letter, Exhibit [#164], Mr. Correa does not identify any other document or type of document that he requests.

7

Additionally, in its response [#170] to the motion to reconsider, the government represents credibly that it will retrieve and review its file in *U.S. v. Moises Galindo, et al.*, 00-cr-526-WM for discoverable information, which, by implication, it would disclose to Mr. Correa. *See* Response [#170] at 1, ¶ 1. For now, nothing more is required.

In paragraph 4, Mr. Correa asserts, without a concomitant factual basis, "The witness Defendant Galindo has been involved with extensive criminal activity. The Government, for reasons presently unknown, has dismissed other charges against Galindo involving narcotics distribution and ignored felonious immigration activity." *See* Motion [#88] at 2, ¶ 4. Although not necessarily required to do so, the government intends to review Mr. Galindo's "NCIS/NLETS 'rap sheet'" to confirm the extant position of the government that, with the exception of the charges in 00-cr-526-WM, no other state or federal charges have been dismissed against Mr. Galindo. *See* Response [#170] at 1, ¶ 2. For now, nothing more is required.

In paragraph 5, Mr. Correa claims, again without presenting a single fact, "The Defendant has reason to believe that the Defendant Galindo has been a defendant in at least two prior federal criminal cases and prior deportation proceedings in which the Defendant has been an untruthful, cooperating Government witness. *See* Motion [#88] at 2, ¶ 5. The government's promised review of Mr. Galindo's criminal history should settle the issue of his involvement, *vel non*, in previous federal criminal cases. Additionally, the government intends a prompt review for *Brady* and *Giglio* material in the ICE "A file" for Mr. Galindo. *See* Response [#170] at 2, ¶ 3. For now, nothing more is required.

Finally, in paragraph 6,[7] and again, without adequate factual explication, Mr. Correa contends that "The scope of these [unspecified] various witness agreements and the details of their cooperation in [unspecified] prior and present cases with the Government and all matters known to the Government about and concerning these witnesses' history of untruthfulness or concessions granted to these witnesses require disclosure." *See* Motion [#88] at 2, ¶ 6. I rehearse my earlier findings and conclusions: (1) that the government is aware of its continuing duty to disclose to Mr. Correa the discovery to which he is entitled by law; (2) that the government has discharged its duty to provide the discovery to which Mr. Correa is entitled; (3) that Mr. Correa has been provided *pro tanto* the discovery to which he is entitled under the Federal Rules of Criminal Procedure, and under *Brady, Bagley, Giglio*, *Roviaro*, and their progeny; (4) that no discreet or specific discovery violation is claimed or circumstantiated; and (5) that Mr. Correa is not now entitled to discovery beyond that already provided by the government or otherwise available to him or beyond that the government represents it will provide. *See* Order [#151] at 7.

### IV. CONCLUSION

The motion to reconsider must be denied on procedural and substantive grounds. Procedurally, the motion is filed out of time without approbation of the court. Substantively, Mr. Correa has not established any recognized basis for reconsideration: 1) that there has been an intervening change in controlling law; 2) that there is new evidence relevant to the court's order, i.e., [#151]; or 3) that reconsideration is

---

[7] I say "finally" because the remaining *soi-disant* grounds averred in paragraphs 7-11 of the motion [#88] are not implicated by the motion to reconsider.

necessary to correct clear error or to prevent manifest injustice. *See*, *e.g.*, **United States v. D'Armond**, 80 F.Supp.2d 1157, 1170 -1171 (D.Kan. 1999). Finally, Mr. Correa has not circumstantiated the case for additional discovery under either Rule 16 or *Brady*, *Giglio*, or their progeny.

## V. ORDER

**THEREFORE, IT IS ORDERED** that the **Motion To Reconsider Supplemental Motion for Discovery** [#164] filed May 30, 2013, by defendant, Salvador Correa, is **DENIED**.

Dated June 25, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge